UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REDELK IRONHORSE THOMAS,

      Petitioner,

v.                                  CASE NO. 3:10-CV-00948-J-34JBT

UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF JUSTICE
BUREAU OF PRISONS, and
STATE OF FLORIDA,

      Respondents.

_____/

## REPORT AND RECOMMENDATION[1]

    **THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency and Application to Proceed *In Forma Pauperis* ("the Application") (Doc. 2), the Court's Order of October 15, 2010 ("the Order"), and the Court's Order to Show Cause of November 18, 2010 ("the Order to Show Cause") (Doc. 9).  For the reasons set forth herein, it is respectfully recommended that the Application be denied without prejudice and the case be dismissed without prejudice.

    Plaintiff, Redelk Ironhorse Thomas, filed his Complaint (Doc. 1) in this case and also filed the Application on September 20, 2010.  In the Order, however, the Court instructed Plaintiff that the Application was deficient because it was not sworn before a notary public. (Doc. 7.)  Accordingly, the Court deferred ruling on the Application pending Plaintiff's compliance with the Order.  (*Id.*)  The Court gave Plaintiff three alternative ways to comply with the Order.  (*Id.* ("Plaintiff shall either (a) re-file a completed, notarized Affidavit of

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

Indigency and Application to Proceed *In Forma Pauperis* by November 15, 2010, (b) file a Notice with the Court explaining why he is unable to do so, or (c) pay the filing fee.").) The Court instructed Plaintiff, moreover, that failure to comply with the Court's instructions might result in a recommendation to deny the Application, and the denial thereof. (*Id.*)

Plaintiff failed to comply with the Order, so in an abundance of caution, the Court issued the Order to Show Cause rather than recommend denial of the Application. In the Order to Show Cause, the Court ordered that on or before December 20, 2010, Plaintiff "1. show cause why this case should not be dismissed for failure to follow an order of the Court and for failure to timely prosecute this case; and 2. either a. re-file a completed, notarized Affidavit of Indigency and Application to Proceed *In Forma Pauperis*; b. file a Notice with the Court explaining why he is unable to do so; or c. pay the filing fee." (Doc. 9.) To date, Plaintiff has failed to comply with the Order to Show Cause. Therefore, the Court will recommend that the Application be denied without prejudice and that this action be dismissed without prejudice for Plaintiff's failure to respond to the Order to Show Cause and to diligently prosecute this action. M.D. Fla. R. 3.10(a).

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Affidavit of Indigency and Application to Proceed *In Forma Pauperis* (Doc. 2) be denied without prejudice.

2. The case be dismissed without prejudice.

**DONE AND ENTERED** at Jacksonville, Florida, on December 21, 2010.

_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:     The Honorable Marcia Morales Howard
               United States District Judge

               *Pro se* Plaintiff